Yong Bom Lee (SBN 213860)
Hyong C. Kim (SBN 231034)
LEE & ASSOCIATES. LAW OFFICE, APC
3530 Wilshire Blvd., Suite 1280
Los Angeles, California 90010
Tel. No. (213) 368-7717, Fax No. (213) 368-7718

Attorneys for Debtor/Defendant
SEUNG HWAN JEONG

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SEUNG HWAN JEONG,<br><br>                        Debtor,<br><br>JIN REE, an Individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>SEUNG HWAN JEONG; and DOES 1<br>through 10, inclusive,<br><br>                  Defendants | **Case No.. 8:18-bk-12033-ES**<br><br>**Chapter 7**<br><br>**Adv. Case No.: 8:18-ap-01169-ES**<br><br>**DEBTOR/DEFENDANT SEUNG HWAN JEONG'S NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLIANT FILED BY JIN REE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF YONG BOM LEE RE MEET AND CONFER**<br>**(F.R.C.P. 12 (b)(6), F.R.B.P. 7012)**<br><br>Date: December 20, 2018<br>Time: 02:00 p.m.<br>Courtroom: 5A<br>Before Hon. Eithe A. Smith |

## <u>NOTICE OF MOTION TO DISMISS ADVERSARY COMPLAINT</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made

applicable to this adversary proceeding by Rule 7012 of the Federal Rules of

Bankruptcy Procedure, and for the reasons set forth in the accompanying

memorandum of law (the "Memorandum") in support of this motion (the "Motion

to Dismiss"), Defendant SEUNG HWAN JEONG, hereby respectfully moves this

Court for entry of an order substantially in the form attached hereto dismissing

the Plaintiff's Adversary Complaint with prejudice.

Pursuant to Del. Bankr. L.R. 7012-1, Defendant consents to the entry of

final orders or judgments by the Court if it is determined that the Court, absent

consent of the parties, cannot enter final orders or judgments consistent with

Article III of the United States Constitution.

WHEREFORE, the Defendant respectfully requests that this Court enter an

order in substantially the form attached hereto and grant such further relief as the

Court may deem necessary or proper.


Dated: October 11, 2018              Lee & Associates, Law Office, APC


                                     By: /s/_____
                                     Yong Bom Lee, Hyong C. Kim
                                     Attorneys for Defendant,
                                     Seung Hwan Jeong

TO THE HONORABLE ERITHE A. SMITH,
UNITED STATES BANKRUPTCY JUDGE:

## MEMORANDUM OF POINTS AND AUTHORITIES

SEUNG HWAN JEONG as Debtor ("Defendant" or the "Debtor")
respectfully submit this Motion to Dismiss (the "Motion") the Adversary
Complaint (the "Complaint"), pursuant to Federal Rule of Civil Procedure
12(b)(6), made applicable to this adversary proceeding by Federal Rule of
Bankruptcy Procedure 7012. The Complaint was filed on September 7, 2018 by
JIN REE (the "Plaintiff"). As detailed below, the Complaint should be dismissed
because it fails to state a claim against the Debtor upon which relief can be
granted. A proposed Order is attached hereto as Exhibit A.

## PRELIMINARY STATEMENT

In his Complaint, the Plaintiff seeks to cause the Court to deny discharge of
Debtor's debts, because 1) Plaintiff is a judgment debtor on a state court action
("State Court Judgment") where such debt was incurred allegedly by false
pretense, fraud, or willful and malicious injury, and 2) Debtor's petition for
bankruptcy ("Bankruptcy Petition") was based on, again allegedly, false financial
reports. Although a complete review of the material facts would show that there is
no fraud or misrepresentation, or willfulness, on the State Court Judgment or the
Bankruptcy Petition, there is no need for the Court to undertake this factual
inquiry in this case. The Complaint should be dismissed now because the State

Court Judgment is not based on any fraud or misrepresentation, in fact, it was simple collection action, and because the truthfulness of the contents in the Bankruptcy Petition shall be, and will be, thoroughly examined and determined by the trustee in the Chapter 7 action.

Accordingly, the Complaint should be dismissed.

## BACKGROUND

On June 4, 2018, the Debtor commenced his bankruptcy case by filing voluntary petition for relief under chapter 7 of title 11 of the United States Code. On September 7, 2018, the Plaintiff filed the Adversary Complaint and served Debtor's attorney, even though Debtor's attorney was not an attorney of record for an adversary proceeding. Defendant has never been served until this date. (Declaration of Yong Bom Lee [LEE DECL] ¶3)

Debtor's attorney examined the Complaint, and state court records for BC499476 action after the receipt of the Complaint.  It was found that the State Court Judgment was a simple collection action for unpaid freight charges, which was assigned to the Plaintiff.  More specifically, the causes of the action were 1) breach of contract, 2) common counts, and 3) breach of oral agreement. The amount sought to be recovered was $124,685.13. The State Court Judgment was entered by default on July 30, 2013, for the amount of $164,755.13, which includes prejudgment interest.  There was nothing about fraud, misrepresentation

or willfulness in any allegations, or in the State Court Judgment. (LEE DECL ¶5-6)

After concluding that the State Court Judgment was a simple collection action, Debtor's counsel sent a letter to the Plaintiff requesting the basis for $395,183.00 and basis for "false pretense, misrepresentations, actual fraud, willfulness or malicious injury" as alleged in Count I and II of the Complaint. The Plaintiff responded that $395,183.00 was an error, and the State Court Judgment was only for $164,755.13. The Plaintiff then has not responded to the basis for "false pretense, misrepresentations, actual fraud, willfulness or malicious injury." (LEE DECL ¶7)

The Debtor's attorney also requested the Plaintiff to provide basis for "fraudulent reports of tax and bankruptcy papers", as alleged in Count III and IV of the Complaint. The Plaintiff responded nothing to this request. (LEE DECL ¶8)

Accordingly, there was no supporting evidence of "false pretense, misrepresentations, actual fraud, willfulness or malicious injury" as alleged in Count I and II, and of "fraudulent reports of tax and bankruptcy papers", as alleged in Count III and IV of the Complaint.

///

///

# ARGUMENT

## I. The Complaint Fails to State a Claim Against the Debtor

Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012, provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Bankr. Pro. 7012(b). In considering a motion to dismiss for failure to state a claim, courts should accept the material facts alleged in the complaint as true and construe them in the plaintiff's favor. <u>See, e.g., Sec. Investor Prot. Corp. v. Stratton Oakmont, Inc.,</u> 234 B.R. 293, 309 (Bankr. S.D.N.Y. 1999). However, courts must "disregard legal conclusions, deductions or opinions couched as factual allegations." <u>Dow Jones & Co. v. Int'l Sec. Exch., Inc.,</u> 451 F.3d 295, 307-08 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citations omitted). In addition, to avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. 544, 545 (2007); <u>Ashcroft v. Iqbal,</u> 556 U.S. 662, 667-68 (2009) ("a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'") (quoting <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. at 570).

Following the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), courts use a two-prong approach when considering a motion to dismiss. <u>See L-7 Designs, Inc. v. Old Navy, LLC</u>, 647 F.3d 419, 430 (2d Cir. 2011); <u>Harris v. Coleman</u>, 863 F. Supp. 2d 336, 340 (S.D.N.Y. 2012); <u>Bektic-Marrero v. Goldberg</u>, 850 F. Supp. 2d 418, 425 (S.D.N.Y. 2012); <u>King County, Wash. v. IKB Deutsche Industriebank AG</u>, 863 F. Supp. 2d 288, 297 (S.D.N.Y. 2012), reh'g denied, 863 F. Supp. 2d 317 (S.D.N.Y. 2012).  First, the court must accept all factual allegations in the complaint as true, but should ignore legal conclusions clothed in factual garb. <u>Iqbal</u>, 556 U.S. at 677-79; <u>L-7 Designs</u>, 647 F.3d at 430; <u>Boykin v. Keycorp</u>, 521 F.3d 202, 204 (2d Cir. 2008). Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief." <u>Iqbal</u>, 556 U.S. at 679. The only allegations that may survive a motion to dismiss are those that cross "the line between possibility and plausibility of entitle[ment] to relief." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007) (quotations omitted).

**A. Plaintiff's State Court Judgment Claims Should Be Dismissed (Count I and II)**

11 USC Section 523 (Exception to Discharge) (a) (2) and (6) provides non-dischargeability of debts created by "false pretenses, a false representation, or actual fraud " or "for willful and malicious injury," as stated below:

11 U.S. Code § 523 - Exceptions to discharge

(a) A discharge under section <u>727</u>, <u>1141</u>, <u>1228(a)</u>, <u>1228(b)</u>, or <u>1328(b)</u> of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an <u>insider</u>'s financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an <u>insider</u>'s financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or

(C)

(i)for purposes of subparagraph (A)—

(I) <u>consumer debts</u> owed to a single creditor and aggregating more than $500 for luxury goods or services incurred by an individual debtor on or within 90 days before the <u>order for relief</u> under this title are presumed to be nondischargeable; and

(II) cash advances aggregating more than $750 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the <u>order for relief</u> under this title, are presumed to be nondischargeable; and

(ii)for purposes of this subparagraph—

(I) the terms "consumer", "credit", and "open end credit plan" have the same meanings as in section 103 of the Truth in Lending Act; and

(II) the term "luxury goods or services" does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor;

(6) for willful and malicious injury by the debtor to another <u>entity</u> or to the property of another <u>entity</u>;

The Plaintiff seeks the State Court Judgment to be non-dischargeable in Count I and II of the Complaint, based on Section 523 (a) (2) and (6), however, the Complaint on its face offers nothing about fraud or willful injury. No where in the Complaint offers such grounds within Section 523 (a) (2) and (6), but also the Plaintiff fails to respond to a reasonable inquiry of the Debtor as to the supporting evidence of alleged "fraud or willful injury." (LEE DECL ¶5-8)

Further, the state court actions filed in the Superior Court of County of Los Angeles under the case number of BC499476 shows nothing but a simple collection matter based on the breach of agreements. (LEE DECL ¶6)

In addition, the amount sought to be non-dischargeable, i.e., $395,183 was admitted by the Plaintiff to be an error, however, the Plaintiff even refuses to correct this amount. The Plaintiff's motive and intent are clear here.  The Plaintiff does not have any supporting evidence for alleged fraud or willful injury on the face of the Complaint or anywhere, and the Plaintiff simply filed the Complaint in hoping to get some sort of settlement, regardless of the merit of the case. (LEE DECL ¶7)

Again, the only allegations that may survive a motion to dismiss are those that cross "the line between possibility and plausibility of entitle[ment] to relief," and in this case, the Plaintiff's first and second causes of action in Count I and II

of the Complaint should be dismissed because the amount sought is wrong as

admitted, and because here is no showing of fraud or willful injury.

**B. Plaintiff's Section 727 (a) Claims Should Be Dismissed (Count III and IV)**

11 USC Section 727 (Discharge) (a) (3) and (4) provides non-

dischargeability of debts, as below:

> 11 U.S. Code § 727 - Discharge
>
> (a) The court shall grant the debtor a discharge, unless—
> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed
> to keep or preserve any recorded information, <u>including</u> books, documents,
> records, and papers, from which the debtor's financial condition or
> business transactions might be ascertained, unless such <u>act</u> or failure
> to <u>act</u> was justified under all of the circumstances of the case;
> (4) the debtor knowingly and fraudulently, in or in connection with
> the case—
> (A) made a false oath or account;
> (B) presented or used a false <u>claim</u>;
> (C) gave, offered, received, or attempted to obtain money,
> property, or advantage, or a promise of money, property, or
> advantage, for acting or forbearing to <u>act</u>; or
> (D) withheld from an officer of the estate entitled to
> possession under this title, any recorded
> information, <u>including</u> books, documents, records, and papers,
> relating to the debtor's property or financial affairs

11 USC 727 (c) further provides:

> (c) (1) The trustee, a creditor, or the <u>United States trustee</u> may object to the
> granting of a discharge under subsection (a) of this section.
> (2) On request of a party in interest, the court may order the trustee to
> examine the <u>acts</u> and conduct of the debtor to determine whether a ground
> exists for denial of discharge.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Plaintiff seeks the entire bankruptcy petition to be denied based on 11 USC 727 (a) (3) and (4), alleging that "it is reasonable and plausible facts" or "it is plausible and reasonable inference" that Debtor's most recent income report in the tax return are false and manipulated figures. This is mere legal conclusion couched as factual allegation, which the Courts must "disregard legal conclusions, deductions or opinions couched as factual allegations." Dow Jones & Co. v. Int'l Sec. Exch., Inc., 451 F.3d 295, 307-08 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citations omitted).

Further, there is no sufficient factual matter stated in the Complaint, and more importantly, the Plaintiff has failed to provide any factual matter even after the Debtor's attorney requested them, if any.  Again, to avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 667-68 (2009) ("a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Accordingly, the Plaintiff's third and fourth causes of action in Count III and IV of the Complaint should also be dismissed.

///

1

## <u>Conclusion</u>

Accordingly, the Debtor respectfully requests that the Court (a) grant the

Motion and dismiss the Complaint in its entirety with prejudice, or alternatively,

dismiss at least Count I and II of the Complaint ; and (b) grant such other and

further relief to the Debtors as the Court deems proper.  The Debtor is filing a

Motion for Sanction Under Rule 11, concurrently herewith, and the Court is

respectfully requested to grant Rule 11 motion as well.


Respectfully submitted,

Dated: October 11, 2018          Lee & Associates, Law Office, APC


By: /s/_____
Yong Bom Lee, Hyong C. Kim
Attorneys for Defendant,
Seung Hwan Jeong